UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-22010-MORENO/Turnoff

ROBERTO HUNG CAVALIERI, individually,
SERGIO ENRIQUE ISEA, individually, and on
behalf of all others similarly situated,

    Plaintiffs,

vs.

AVIOR AIRLINES C.A., a
Venezuelan company,

    Defendant.
_____ /

**AVIOR AIRLINES, C.A.'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO EXCEED PAGE LIMITS AND MOTION FOR LEAVE TO EXCEED PAGE LIMIT, *NUNC PRO TUNC***

Specially appearing defendant, AVIOR AIRLINES C.A.[1] ("Avior" or the "Defendant"), by and through undersigned counsel, respectfully moves this Court to reconsider this Court's Order Denying Defendant's Motion for Leave to Exceed Page Limit [D.E. 32] and to enter an Order granting this motion and allowing the Defendant to exceed the page limit, and in support thereof states as follows:

    1.    Pursuant to this Court's Agreed Order [D.E. 28], Avior's reply to Plaintiffs' Response to Defendant's Motion to Quash Service of Process [D.E. 25] (the "Response") was due on Thursday, October 12, 2017.

    2.    At approximately 6:31 p.m. on October 12, 2017, undersigned counsel for Avior, James C. Kellner, sent an email to Plaintiffs' counsel, Milton Fuentes, to determine Plaintiffs'

---

[1] Specially appearing defendant, Avior Airlines, C.A. hereby appears in this action for the limited purpose of moving to quash service of process pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5). This Motion should not be construed or used in any way to suggest that Avior Airlines, C.A. has waived or otherwise limited its rights to challenge the validity of the alleged service of process on Avior Airlines, C.A., and to assert all procedural and substantive defenses to the claims articulated in the pleadings filed in this action.

position on Avior's Motion to Exceed Pages, as well as attempted to discuss Plaintiffs' position via the telephone. Mr. Fuentes did not reply to such email or answer his office and cellular telephone, thus Avior was unable to determine Plaintiffs' position on the Motion to Exceed Pages before filing it. Since that time, over the course of the last five days (from October 12 to October 17, 2017), Plaintiffs' counsel has not returned the call or responded to the email of October 12, 2017.

3. At approximately 3:01 a.m. on the morning of October 13, 2017, just three hours after the deadline of October 12, 2017, Avior filed its Motion for Leave to Exceed Page Limits [D.E. 30] (the "Motion to Exceed Pages"), requesting leave from this Court to allow the Defendant to exceed the page limit by nine (9) pages for Avior's Reply to Plaintiffs' Response in order to adequately analyze and respond to the allegations made and arguments asserted in Plaintiffs' Response, and to better assist the Court in dealing with the numerous legal issues and factual assertions raised therein.

4. Shortly thereafter, at approximately 3:08 a.m. on the morning of October 13, 2017, approximately three hours after the deadline of October 12, 2017, Avior filed its Reply to Plaintiffs' Response to Defendant's Motion to Quash Service of Process [D.E. 31] (the "Reply"), which not including the certificate of service and exhibits totaled nineteen (19) pages, exceeding the ten (10) page reply limit by nine (9) pages.

5. On October 17, 2017, this Court entered an Order Denying Defendant's Motion for Leave to Exceed Page Limit [D.E. 32] (the "Order"), striking the Reply from the Court's docket "as Defendant assumed that the motion (to Exceed Pages) would be automatically granted and filed a reply brief almost doubling the page limit without permission."

6. By this Motion, Avior first wishes to inform the Court that the filing of the Reply should not be construed by this Court as Avior presumptuously assuming that the Motion to Exceed Pages would be automatically granted. Instead, Avior assumed that Plaintiffs' counsel would have no objection to said motion, though no response to efforts to confer with Plaintiffs' counsel has been received since October 12, 2017. Plaintiffs have not agreed and have also not objected to exceeding the page limit by 9 pages. Rather than delay the filing of the Reply, the Reply was filed soon after the Motion to Exceed Pages was filed, without first obtaining a ruling of this Court on the Motion to Exceed Pages in order to avoid any undue delay. In retrospect, the more prudent course of action for Avior would have been to file a motion for extension of time to file the Reply pending the Court's ruling on the Motion to Exceed Pages, and effectively delay the filing of the Reply until after obtaining the Court's ruling on the motion to exceed page limit to determine if the page limit could be exceeded or whether the Reply would have to be shortened. Avior will not make that mistake a second time in this case. To the extent it becomes necessary once again to exceed page limits for a particular court filing in this litigation, a motion for extension of time pending this Court's ruling on the page limit question shall be filed and the subject court filing shall not be filed until after the Court's ruling on the page limit question to avoid the very situation in which Avior finds itself, which is having its Reply stricken despite the fact that it contains important and relevant information, including no fewer than three declarations, and pertinent legal authority which this Court should take into account before ruling on Defendant's Motion to Quash Service of Process [D.E. 19]. Secondly, Avior respectfully seeks reconsideration of this Court's Order and seeks the entry of an order, *nunc pro tunc,* granting Avior leave to exceed page limits in its Reply and deemed filed as the brief three (3) hour delay in filing the Motion to Exceed Pages (and the Reply) was the result of computer and

internet issues that briefly delayed and prevented Avior's undersigned counsel from filing the Motion to Exceed Pages (and Reply) shortly before midnight on October 12, 2017.  Internet and email access was down at Avior's counsel's office until shortly before 3:00 a.m. on October 13, 2017, approximately 3 hours after the October 12, 2017 deadline, making it impossible to electronically file before midnight.  The 3 hour delay in filing did not and could not have caused the Plaintiffs any prejudice whatsoever.

7. While Avior did not assume the Court would grant its Motion to Exceed Pages, until the Reply was finalized shortly before midnight on October 12, 2017, Avior was uncertain on exactly how many pages over the ten (10) page reply limit Avior needed to exceed such reply page limit.

8. Avior intended to file its Motion to Exceed Pages shortly before midnight on October 12, 2017 and then file its Reply shortly thereafter also before midnight on October 12, 2017 to avoid having to delay proceedings.  However, at approximately 11:45 p.m. on October 12, 2017, Avior's undersigned counsel experienced internet and computer issues until approximately 2:45 a.m. on October 13, 2017.  Shortly thereafter, Avior filed its Motion to Exceed Pages and Reply.

9. Thus, due to such unanticipated internet and computer issues, Avior seeks entry of an Order vacating this Court's October 17, 2017 Order and a *nunc pro tunc* Order granting Avior leave to exceed the reply page limit by nine (9) pages and deem the Reply filed as of October 13, 2017.  Alternatively, if the Court is of the opinion that exceeding the page limit on the Reply by 9 pages is too lengthy, Avior requests that this Court enter an order indicating by how many pages Avior may exceed the page limit and afford Avior an opportunity to file an amended Reply limited to the number of pages ordered by this Court.

10. The brief three (3) hour delay in filing the Motion to Exceed Pages has not prejudiced the Plaintiffs. However, denying this Motion and striking Avior's Reply will substantially prejudice Avior and preclude relevant information, three declarations, additional facts, arguments and legal authority that should be part of the record and taken into account by this Court before ruling on Defendant's Motion to Quash Service of Process [D.E. 19].

WHEREFORE the specially appearing defendant, AVIOR AIRLINES C.A., respectfully requests that this court grant this motion and enter an Order reconsidering and vacating its October 17, 2017 Order and providing the Defendant, *nunc pro tunc*, with leave to exceed the ten (10) page limit by nine (9) pages or, alternatively, by additional page numbers this Court may deem appropriate, and grant any other relief this court deems just and proper in Defendant's favor.

## CERTIFICATE OF CONFERENCE PURSUANT TO S.D. FLA. L.R. 7.1(a)(3)

As this Court's October 17, 2017 Order was entered earlier today and just reviewed by Defendant's undersigned counsel, due to time constraints and the urgent nature of this Motion, Defendant's counsel has been unable to confer with counsel for Plaintiffs, Milton Fuentes, Esq., in compliance with S.D. Fla. L.R. 7.1(a)(3), regarding the relief sought herein before the filing of this motion.

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP**
Attorneys for Defendant, Avior Airlines, C.A.
201 Alhambra Circle, Suite 1205
Coral Gables, Florida 33134
Tel: (305) 377-1000
Fax: (855) 327-0391
**Primary:** PGonzalez@SMGQLAW.com
**Secondary:** JKellner@SMGQLAW.com
CPrieto@SMGQLAW.com

By: /s/ Peter A. Gonzalez

PETER A. GONZALEZ, ESQ.
Florida Bar No.: 036919
JAMES C. KELLNER, ESQ.
Florida Bar No.: 021038

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by cm/ecf on October 17, 2017, on all counsel of record on the Service List below.

**SANCHEZ-MEDINA, GONZALEZ, QUESADA,
LAGE, GOMEZ & MACHADO LLP**

By:  /s/ Peter A. Gonzalez
PETER A. GONZALEZ, ESQ.

## **SERVICE LIST**

John G. Crabtree, Esq.
Charles M. Auslander, Esq.
Brian C. Tackenberg, Esq.
Crabtree & Auslander
240 Crandon Blvd., Suite 101
Key Biscayne, Florida 33149
jcrabtree@crabtreelaw.com
causlander@crabtreelaw.com
btackenberg@crabtreelaw.com
floridaservice@crabtreelaw.com
Counsel for Plaintiffs

Brian Torres, Esq.
Brian M. Torres, P.A.
One S.E Third Avenue, Suite 3000
Miami, Florida 33131
BTorres@briantorres.legal
MRodriguez@briantorres.legal
e-service@briantorres.legal
Counsel for Plaintiffs

Jose L. Baloyra, Esq.
Baloyra Law
201 Alhambra Circle, Ste. 601
Coral Gables, Florida 33134
JBaloyra@baloyralaw.com
RCruz@baloyralaw.com
Counsel for Plaintiffs

John Cody German, Esq.
Cole, Scott & Kissane Bldg.
9150 S. Dadeland Blvd., Suite 1400
Miami, Florida 33156
Cody.German@csklegal.com
Yvonne.Orosa@csklegal.com
Counsel for Plaintiffs

Milton Fuentes, Esq.
M. Fuentes & Co.
201 Alhambra Circle, Suite 601
Coral Gables, Florida 33134
mf@mfuenteslaw.com
sc@mfuenteslaw.com
Counsel for Plaintiffs