**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 17-cv-22010-MORENO/LOUIS

ROBERTO HUNG CAVALIERI and SERGIO
ENRIQUE ISEA, individually and on behalf of
all other similarly situated,

      Plaintiffs,

v.

AVIOR AIRLINES C.A.,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This cause comes before the Court upon Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 113). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Federico A. Moreno, United States District Judge (ECF No. 16). A hearing was held before the undersigned on January 10, 2019. This motion having been fully briefed and upon consideration of the record as a whole, and being otherwise fully advised in the premises, the undersigned recommends that Defendant's motion be **GRANTED**.

**I.    BACKGROUND**

**a.  Factual Allegations**

      This matter arises out of a purported breach of an airline contract for carriage. In their Second Amended Complaint, Plaintiffs Robert Hung Cavalieri and Sergio Enrique Isea allege a single claim for breach of contract against Defendant Avior Airlines C.A. *See* Plaintiffs' Second

Amended Complaint (ECF No. 110). Plaintiffs allege that each of them entered into a contract with Defendant at the time that each Plaintiff purchased his flight ticket. Plaintiffs contend that the express terms of the contract provide that Defendant agreed to provide flight services in exchange for a sum certain defined on each Plaintiff's ticket. Plaintiffs claim that the contract terms are comprised exclusively of each Plaintiff's flight ticket and the "Contract of Carriage for USA" published on Defendant's website, which Plaintiffs attached to the operative complaint (ECF Nos. 110-1, 110-2).

Plaintiffs allege that Defendant breached the terms of the contract by requiring passengers flying from Miami to Venezuela to pay an undisclosed $80 fee ("Exit Fee") at Miami International Airport before permitting those passengers, including Plaintiffs, to board their flights. Plaintiff Cavalieri alleges that he purchased a flight ticket through the travel website Expedia for $775.50 but was then required to pay $80 to Defendant before boarding his flight at Miami International Airport on April 20, 2016. *See* Plaintiff Cavalieri Expedia Confirmation (ECF No. 110-3); Plaintiff Cavalieri Exit Fee Receipt (ECF No. 110-4). Plaintiff Isea claims that he purchased a flight ticket from an unknown travel agent for a sum certain and that he too was subsequently required to pay $80 prior to boarding a flight at Miami International Airport on June 4, 2012.

Plaintiffs' central argument in support of their breach of contract claim is that the terms of Plaintiffs' tickets and Defendant's Contract of Carriage expressly state that the purchase price was for a sum certain, and thus Defendant breached the contract by requiring Plaintiffs to pay the undisclosed Exit Fee. Plaintiffs further allege that even if Defendants' website disclosed the Exit Fee on one of its website pages, the disclosure is not made part of the Contract of Carriage. Plaintiffs rely chiefly on federal regulation, which requires clear notice to the passenger of

2

documents incorporated by reference into a contract with a carrier (ECF No. 110 at ¶ ¶ 28, 29).[1] *See* 14 C.F.R. § 253.5.

b. **Procedural History**

On June 16, 2017, Plaintiffs filed their First Amended Complaint, which similarly raised a single breach of contract claim. Plaintiffs alleged therein that by charging passengers an undisclosed Exit Fee prior to permitting Plaintiffs to board their flights, Defendant breached its agreement with passengers to transport them to Venezuela for a sum certain (ECF No. 8).

Defendant moved to dismiss Plaintiffs' First Amended Complaint for failure to state a claim, lack of subject matter and personal jurisdiction, expiration of the statute of limitations with respect to Plaintiff Isea's breach of contract claim under the Montreal Convention, failure to include an indispensable party, and forum *non conveniens* (ECF No. 43).

On August 10, 2018, the undersigned entered a Report and Recommendation, recommending that Defendant's motion be granted (ECF No. 105). The Report and Recommendation concluded that Plaintiff had demonstrated facts sufficient to invoke this Court's subject matter jurisdiction and personal jurisdiction over Defendant. The undersigned recommended dismissal on the grounds that Plaintiffs had failed to state a claim for breach of contract. The First Amended Complaint failed to allege what contract terms had been breached by Defendant's alleged actions. Because Defendant's remaining arguments for dismissal were dependent on a determination of what constituted the Contract's terms, the undersigned recommended denial of these additional bases without prejudice, to permit Plaintiffs to amend their breach of contract claim. Judge Moreno adopted the undersigned's Report and

---

[1] Plaintiffs summarize the breach as follows: "Avior charged its passengers more at the gate (just prior to boarding their flights) than the price stated on the Contract of Carriage with its passengers, and did so without "conspicuous notice" that terms were being incorporated into the Contract of Carriage that would allow Avior to charge such additional sums, nor did it provide the other information 14 CFR §253.5 requires." ECF No. 110 at ¶ 11.

Recommendations and dismissed the First Amended Complaint, without prejudice to amend (ECF No. 108).

Defendant now moves for dismissal of the operative complaint primarily arguing that Plaintiffs fail to state a plausible breach of contract claim, and alternatively, that Plaintiffs' claim is preempted and time barred, and thus, should be dismissed with prejudice.

## II.     ANALYSIS

To survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must establish "more than labels and conclusions." *Twombly*, 550 U.S. at 555. (internal citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* When considering a motion to dismiss, the Court is generally limited to the facts contained in the complaint and the attached exhibits, but it may consider documents that are central to the claim and whose authenticity is undisputed. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). The Court accepts all factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

Defendant seeks dismissal of Plaintiffs' claim under Rule 12(b)(6) for failure to plead sufficient facts to bring their breach of contract count into the realm of plausibility. Defendant also contests Plaintiffs' claim as preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 40101 *et seq*. Because the Court finds that Plaintiffs' claim is preempted by the ADA, it need not reach a conclusion as to the remaining grounds for dismissal.[2] *See Miller v. Delta Air Lines, Inc*.,

---

[2] Defendant again moved to dismiss on the grounds that the claim is time barred; that there is a more appropriate and convenient forum for adjudicating this matter; and that the Court lacks subject matter or personal jurisdiction to hear

4

No. 11-CV-10099-JLK, 2012 WL 1155138, at *1 (S.D. Fla. Apr. 5, 2012) ("Since the Court is persuaded that Plaintiff's claims are preempted by the federal Airline Deregulation Act…it need not reach the sufficiency of Plaintiff's factual allegations nor Plaintiff's request for class certification.").

a. **The Airline Deregulation Act and Preemption**

In 1978, Congress enacted the ADA for the purpose of promoting competition among airlines that would foster efficiency and a competitive market. 49 U.S.C. § 40101(a)(6); *Morales v. TransWorld Airlines, Inc.*, 504 U.S. 374, 378 (1992). To prevent states from undoing federal regulation with their own laws, the ADA provides in pertinent part that "a State…may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1). It is the general rule that common law claims are preempted by the ADA if those claims relate to an air carrier's price, route, or service. *Bailey v. Rocky Mountain Holdings, LLC*, 136 F. Supp. 3d 1376, 1380 (S.D. Fla. 2015), *aff'd*, 889 F.3d 1259 (11th Cir. 2018).

On more than one occasion, the Supreme Court has offered guidance on how the preemption provision of the ADA is to be construed. *See Morales,* 504 U.S. at 383; *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 223 (1995); *Northwest, Inc. v. Ginsberg*, 572 U.S. 273 (2014). In *Morales*, the Court interpreted the text "related to" to plainly mean "to stand in some relation, to have bearing or concern; to pertain; to bring into association or connection with." *Morales*, 504 U.S. at 383. Thus, a state law or enforcement action is "related to" an airline's price, route, or

---

the dispute. The undersigned notes that the Court previously rejected Defendant's jurisdictional arguments, finding that the Court has both subject matter jurisdiction, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2); and grounds for exercising general personal jurisdiction over defendant. *See* Report and Recommendation (ECF No. 105) adopted by Judge Moreno's Order Dismissing Plaintiffs' First Amended Complaint (ECF No. 108).

service if it "has a connection with or reference to" them. *Id*. at 384-88. The ADA may be seen as reaching "the universe of such bargained for elements of air carrier operations" such as "fares, routes, timing, etc." *Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1255 (11th Cir. 2003).

In *Wolens*, the Supreme Court reviewed the statutory language "enact or enforce any law" in recognizing an exception to ADA preemption for certain breach of contract claims. 513 U.S. at 227. The Supreme Court held that the ADA did not preempt a state common law breach of contract claim against an airline where the claim was based on the parties' "privately ordered obligations" within the airline's frequent flyer program. *Id*. at 228-29. The Court further clarified that the "distinction between what the State dictates and what the airline undertakes confines courts, in breach of contract actions, to the parties' bargain with no enlargement or enhancement based on the state laws or policies external to the agreement." *Id*. at 223. Other examples of exempted self-imposed obligations ("*Wolens* exceptions") include an airline's travel point system, an airline's cancelled flight credit policy, and contractual commitments regarding notice of tourism taxes. *Wolens*, 513 U.S. at 228-29; *Sanchez v. Aerovias De Mexico, S.A. De C.V.*, 590 F.3d 1027, 1031 (9th Cir. 2010) (concluding a claim may qualify for the *Wolens* exception if it is determined that the airline made a contractual commitment to advise passengers of the imposition of an international tax).

Later, in *Ginsberg*, the Supreme Court concluded that the ADA's preemption provision applies to state common law claims that attempt to enlarge the contractual obligations that the airline and passengers voluntarily adopted. 572 U.S. 273, 284-85 (2014). *Ginsberg* held that a customer's claim for breach of the implied covenant of good faith and fair dealing arising from the airline's termination of plaintiff's frequent flyer credits was "related to" prices, routes, and services. *Id.* at 284. The Supreme Court explained that because the frequent flyer credits could be

redeemed for services, the state law claim satisfied the "related to" test, and because the state law claim sought to enlarge the agreement between the parties by imposing the applied covenant of good faith, it was preempted and not excepted under *Wolens*. *Id*. at 288.

### b. Plaintiffs Fail to Allege a Breach of an Express Voluntary Contractual Obligation Exempt from ADA Preemption

Defendant moves to dismiss on the grounds that Plaintiffs' breach of contract claim is preempted by the ADA because Plaintiffs' claim relates to the airlines prices and ticket and boarding services, and does not constitute a voluntary undertaking between the parties. Defendant specifies that Plaintiffs' claim is premised on the charge of an additional fee not included in the purchase price and the airlines' boarding procedure, requiring Plaintiffs' to pay the $80 fee prior to boarding their flights. Accordingly, the Court turns to the *Wolens* exception to determine whether Plaintiffs' breach of contract claim satisfies the "related to" test – therefore, preempted – and if so, whether the breach of contact claim is exempted from preemption because it arises from a self-imposed obligation; and whether Plaintiffs' claim seeks an enlargement or enhancement of that obligation. *See Ginsberg,* 572 U.S. at 284-89.

To assert a non-preempted breach of contract claim, Plaintiffs must identify a specific provision of the contract allegedly breached. At oral argument, the undersigned pressed Plaintiffs' counsel to do just that: Where is the contractual provision wherein Defendant promises that the fare paid to an agent completes a passenger's payment for travel? Plaintiffs have not identified any such provision. Plaintiffs' counsel responded that the proper inquiry should be "where in the contract has Defendant reserved the right to charge additional fees, after the published fare is paid to the Defendant's authorized agent?" Plaintiffs' alleged breach thus depends on the Court's ability

to construe the *entire contract* to determine whether it does or does not reserve the right to demand payment of additional fees, specifically, the Exit Fee.[3]

The Court agrees that Plaintiffs' breach of contract claim satisfies the "related to" test. Plaintiffs' claim is grounded on a purported agreement that the fare paid for each flight ticket was inclusive of and not subject to any additional fees. In both *Wolens* and *Ginsberg*, the Supreme Court found that contract claims stemming from frequent flier programs were connected to the airlines' rates and fares because the programs awarded mileage credits for tickets already purchased at a certain price. *See Wolens*, 513 U.S. at 228-29; *Ginsberg*, 572 U.S. at 284-85. Likewise, Plaintiffs' claim is premised on the allegation that the amount paid to the third-party agent completed Plaintiffs' financial obligation, including all fees that may be due.

Because Plaintiffs' breach of contract claim satisfies the "related to" test, the Court must review whether the claim falls within the *Wolens* exemption. In their response in opposition, Plaintiffs argue that their claim is not preempted as they are not asking the Court to police Defendant's fares or services, but rather seeking a remedy pursuant to the Defendant's voluntary undertaking in the Contract. In order to establish that the contractual obligation breached constituted a voluntary undertaking exempt from the ADA, Plaintiffs must direct the Court to the contractual provision that creates the obligation. *See Sanchez*, 590 F.3d at 1030.

In their response and at oral argument, Plaintiffs offered three alternative sources of the contractual obligation. First, the operative complaint alleges that the source of Defendant's

---

[3] The Parties focused much, if not most, of their arguments on establishing their competing views on what constitutes the entire contract between Plaintiffs and Defendant. Defendant's construction would include the Contract of Transportation of Passengers and Luggage, similarly posted on its website, which expressly discloses the disputed Exit Fee that must be paid at the time of check-in for the flight outside of Venezuela by any passenger who paid for his ticket in Bolivars (ECF No. 113-3). Plaintiffs advanced several related proposed constructions, each of which avoided inclusion of this Contract of Transportation. The Court has considered each of Plaintiffs' proposed constructions.

contractual obligations are the material terms set forth in the Contract of Carriage published on Defendant's website, plus the terms of each passenger's ticket.

Plaintiffs' generalized citation to the "terms" of the Contract of Carriage is insufficient to identify a specific duty allegedly breached, and the Court cannot create a contractual duty where Plaintiffs have failed to identify one. The defect in Plaintiffs' prior complaint persists in the operative complaint: it is devoid of allegation of a specific contractual provision that created an obligation and that was later breached by Defendant. *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 17, 2014) (Florida law is clear that in order to establish a breach of a contractual duty "the plaintiff must allege which provision of the contract has been breached.").

Instead, Plaintiffs rely on the *absence* of a disclosure of the Exit Fee (in the website pages selected by Plaintiffs) to demonstrate that the Defendant had a contractual duty to disclose all potential fees prior to Plaintiffs' purchase of a ticket. As the court concluded in *Sanchez*, language on an airline's webpage referring to the passenger's obligation to pay a specific purchase price alone does not create a voluntary contractual undertaking by the airlines. 590 F.3d at 1030. The Supreme Court further explained that where plaintiff failed to show an express provision that created defendant's contractual obligation to disclose an additional tax, plaintiff could not establish a voluntary contractual undertaking exempting plaintiff's claim from ADA preemption. ("In particular, the website [language] creates no duty on the part of Aeromexico to advise Sanchez of her rights with respect to the payment or nonpayment of the Mexican tourism tax…"). Plaintiffs' generalized citation to the Contract of Carriage and the Expedia receipt fails, as in *Sanchez*, to identify a provision that establishes a contractual obligation breached as alleged. Therefore,

9

because the operative complaint does not identify a contractual provision that creates the obligation to disclose the Exit Fee, Plaintiffs' claim does not satisfy the *Wolens* exception.

Plaintiffs additionally argue that the source of the contractual obligation to disclose the Exit Fee derives from federal regulation, which governs incorporation of terms into contracts between airlines and consumers and requires airlines to provide notice of incorporated contract terms. *See* 14 C.F.R. 253.5. Plaintiffs' reliance on the federal regulation is further unavailing as the regulations do not create a private right of action. *Shrem v. Southwest Airlines Co.*, No. 15-CV-04567, 2017 WL 1478624 (N.D. Cal. Apr. 25, 2017) (dismissing a breach of contract claim against an airline because 14 C.F.R. § 253 does not provide a private cause of action)*; cf. Greene v. Loeb Partners*, 532 F. Supp. 747, 748 (S.D. Fla. 1982) (dismissing a breach of contract claim under the Securities and Exchange Act of 1934 because the regulation does not expressly provide for private actions for violations of the rules therein).

Finally, at the hearing, Plaintiff's counsel argued that the breached contractual provision can be located on Plaintiff Cavalieri's Expedia receipt,[4] which reads "[a]ll prices include taxes & fees." So defined, Plaintiffs' breach of contract is still preempted by the ADA, as the very terms of the Expedia receipt refer to the *price* of the airline ticket. Unlike in *Wolens*, where the Supreme Court exempted a breach of contract claim stemming from the terms of a frequent flier program, the express terms of the provision at issue "relates to" the airline's pricing. Therefore, this argument fails as well.

Plaintiffs were afforded an opportunity to amend their complaint to specify the contractual provision allegedly breached. The Second Amended Complaint again fails to identify a contractual

---

[4] Plaintiffs' reliance on the Expedia receipt to form the Contract would be fatal to Plaintiff Isea, who did not purchase his ticket through Expedia and neither attached nor specifically alleged the terms of the contract he entered with the unidentified travel agent in Venezuela. If Plaintiffs' breach of contract claims depend on the Expedia terms, Isea's claims would clearly fail.

provision giving rise to a voluntarily undertaken obligation allegedly breached by Defendant's actions. Plaintiffs' breach of contract should be dismissed with prejudice as it is preempted by the ADA, and Plaintiffs will be unable to cure this legal defect. *See Architectural Ingenieria Siglo XXX, LLC v. Dominican Republic*, No. 13-CV-20544-KMM, 2015 WL 7760057, at *6 (S.D. Fla. Dec. 2, 2015) (dismissing a breach of contract claim, amongst other claims, with prejudice noting that permitting the plaintiff to amend the complaint would be futile where it includes a claim that is barred by law).

### III. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint be **GRANTED,** and the Complaint be dismissed with prejudice.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections by that date shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, No. 16-10492, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, No. 16-11238, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** this 15th day of February, 2019.

_____
LAUREN LOUIS
United States Magistrate Judge

Copies to: The Honorable Federico A. Moreno; Counsel of Record