UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-22010-CIV-MORENO

ROBERTO HUNG CAVALIERI and SERGIO
ENRIQUE ISEA, individually and on behalf of
all others similarly situated,

    Plaintiffs,

vs.

AVIOR AIRLINES C.A.,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE LOUIS'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on Defendant's Motion to Dismiss, filed on **October 19, 2018**. The Magistrate Judge filed a Report and Recommendation **(D.E. 122)** on **February 15, 2019**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Lauren F. Louis's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that Defendant's Motion to Dismiss is GRANTED. The case is DISMISSED with prejudice and all pending motions are DENIED as moot.

Plaintiffs bring this putative class action against Defendant, Avior Airlines, C.A., for charging an exit fee at the airport of $80 per passenger, after Plaintiffs had paid the airfare price. Plaintiffs indicate that the ticket states that the price "includes all taxes and fees" and as such, the

$80 exit fee constitutes a breach of the contract. Defendant moved to dismiss on various grounds and the Magistrate Judge found the Airline Deregulation Act preempts Plaintiffs' claim.

It is the general rule that the Airline Deregulation Act preempts common law claims if those claims relate to an air carrier's "price, route, or service." *Bailey v. Rocky Mountain Holdings, LLC,* 136 F. Supp. 3d 1376, 1380 (S.D. Fla. 2015), *aff'd,* 889 F.3d 1259 (11th Cir. 2018) (quoting Airline Deregulation Act, 49 U.S.C. § 41713(b)(1)).

The Supreme Court has identified an exception to preemption, which is the subject of the Plaintiffs' objections. In *Am. Airlines, Inc. v. Wolens,* 513 U.S. 219, 223 (1995), the Supreme Court identified an exception where the plaintiff's claim was based on the parties "privately ordered obligations" within the airline's frequent flyer program. Plaintiffs claim that the exit fee at issue here qualifies as a *Wolens* exception. More specifically, Plaintiffs' objections argue that because their claim is excepted from preemption because they are trying to enforce their contract, and not a federal aviation regulation.

The Report and Recommendation examines the *Wolens* exception to determine whether Plaintiffs' breach of contract claim satisfies the "related to" test, and if so, whether the breach of contract claim arises from a "self-imposed" obligation, or whether Plaintiffs' claim seeks an enlargement or enhancement of that obligation. *Northwest, Inc. v. Ginsberg,* 572 U.S. 273, 284-85 (2014) (holding that a customer's claim of the breach of the covenant of good faith and fair dealing arising from the airline's termination of plaintiff's frequent flyer credits was related to price, routes, and services, and was therefore, preempted). A claim satisfies the "related to" test if it has "'a connection with, or reference to, airline' prices, routes or services." *Id.* (quoting *Morales v. TransWorld Airlines, Inc.,* 504 U.S. 374, 384 (1992)).

2

The only contractual provision that Plaintiffs identify as having been breached is the language included at the bottom of Plaintiffs' receipts, which states that the price includes fees and taxes. The Court agrees with the Report's conclusion that the identified breach is preempted by the Airline Deregulation Act, because by its very terms the airline ticket receipt refers to the price of the airline ticket. Unlike in *Wolens*, where the Supreme Court excepted the breach of contract stemming from the frequent flier program, the express terms of the violated provision in this case expressly relate to pricing, and the claim is therefore, preempted.

Plaintiffs would like this Court to read the preemption doctrine narrowly as only applying when there is an attempt to enforce a federal regulation, and not to contractual claims. That reading is inconsistent with the Act, which was enacted to foster competition among airlines. 49 U.S.C. §40101(a)(6); *Morales*, 504 U.S. at 378. Because the Plaintiffs are unable to amend their complaint in a manner that would avoid the application of the preemption doctrine, the Court dismisses this case with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th of March 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lauren F. Louis

Counsel of Record