UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 17-22010-CIV-MORENO**

ROBERTO HUNG CAVALIERI and SERGIO
ENRIQUE ISEA, individually and on behalf of
all others similarly situated,

        Plaintiffs,

vs.

AVIOR AIRLINES C.A.,

        Defendant.
_____/

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

THIS CAUSE came before the Court upon the Parties' Motion for Preliminary Approval of Class Action Settlement. Plaintiffs Roberto Hung Cavalieri and Sergio Enrique Isea on behalf of the putative Settlement Class and Defendant Avior Airlines, C.A. have entered into a class action settlement agreement, which sets forth the terms and conditions for a proposed settlement.

The Court finds that, preliminarily (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) the proposed Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be preliminarily certified for settlement purposes only; and (3) the persons and entities identified below should be appointed settlement class representatives, and class counsel. The Court further finds that the settlement appears to be fair, reasonable, and adequate and should be preliminarily approved and notice should be provided in order for the class members to object or opt out of the settlement, and for the Court to make a finding at a fairness haring on whether the settlement is the result of informed, good faith arms' length negotiations and not the result of any collusion.

Accordingly, it is hereby

**ORDERED AND ADJUDGED AS FOLLOWS:**

<u>Preliminary Approval of the Settlement</u>

The Court PRELIMINARILY APPROVES the settlement subject to the Final Approval Fairness Hearing set for December 5, 2023 at 9:00 a.m. The Court further finds that it is appropriate to effectuate notice to the Class, as set forth in the settlement agreement, and schedule a Fairness Hearing to assist the Court in determining whether to grant final approval to the settlement is appropriate.

The Court appoints Roberto Cavalieri and Sergio Enrique Isea as class representatives and the following as class counsel:

>John G. Crabtree
>Charles M. Auslander
>Brian C. Tackenberg
>Crabtree & Auslander
>240 Crandon Blvd., Suite 101
>Key Biscayne, Florida 33149
>
>Milton Fuentes
>M. Fuentes & Co.
>201 Alhambra Circle, Suite 601
>Coral Gables, Florida 33134
>
>Brian M. Torres
>Brian M. Torres, P.A.
>One S.E. Third Ave., Suite 3000
>Miami, Florida 33131
>
>John Cody German
>Cole, Scott, Kissane, P.A.
>9150 South Dadeland Blvd., Suite 1400
>Miami, Florida 33156

If the settlement does not receive the Court's final approval, the Court's grant of conditional class certification shall be vacated, the parties shall revert to their positions in the action as they

existed prior to the settlement, and the settlement class representatives and members will once again bear the burden to prove their claims at trial.

## Notice and Administration

The Court approves, as to form, content, and distribution, the Notice provisions set forth in the settlement agreement, including the Claim Form attached to the Settlement, all forms of notice to the class, and finds that such notice is the best notice practicable under the circumstances, and that the notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the notice is rationally and sensibly calculated to, under all circumstances, reasonably apprise members of the class of the pendency of this action, the terms of the agreement, and the right to object to the settlement agreement and to exclude themselves from it. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled to it, and meets the requirements of due process.

Based upon the facts and circumstances presented, including the financial considerations in this case, the Parties have jointly agreed that Defendant, Avior, shall serve as the Settlement Administrator with the primary responsibility to administer the notification of settlement agreement, which settlement class counsel shall be entitled to supervise and to have full access to email and web-site platforms to monitor the notification process. Accordingly, the Court APPOINTS Avior to be the Settlement Administrator to perform and execute the notice responsibilities set forth in the settlement agreement under the supervision and oversight of counsel.

## Submission of Claims and Requests for Exclusion of Claims

Settlement Class Members who wish to receive a Settlement Voucher under the Settlement must complete and submit a timely and valid Claim Form in accordance with the

instructions. All Claim Forms must be postmarked or electronically submitted no later than by forty-five (45) days from the Notice Date.

Any person may, upon valid and timely request, petition to be excluded or "opt out" from the class. Any such person may do so if they comply with the exclusion procedures set forth in the settlement agreement on or before forty-five (45) days from the Notice Date. Any members of the Class so excluded shall neither be bound by the terms of the Settlement nor entitled to a Settlement Voucher.

Settlement class members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the settlement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement, regardless of whether they have submitted a Claim Form, and regardless of whether that Claim Form has been deemed valid.

## **Objections and Appearances**

Any class member who has not timely filed a Request for Exclusion may object to the fairness, reasonableness, or adequacy of the Settlement, to a Final Judgment being entered dismissing the Action with prejudice, or to the attorneys' fees and costs sought by Class Counsel. Any Settlement Class Member who wishes to object must do so on or before the Objection and Exclusion Date. Settlement Class Members shall submit written objections to the Settlement at the mailing address included in the Class Notice or by e-mail to the following e-mail address: info@aviorsettlement.com. Mailed objections must be postmarked and emailed objections sent no later than 11:59 p.m. on the Objection and Exclusion Date. Settlement Class Counsel shall notice the filing of all objections submitted to the Settlement Administrator prior to the Final Approval hearing for adjudication by the Court, together with responses by Settlement Class Counsel and Defendant's counsel, if any. Such responses shall be served on the objecting

Settlement Class Member.

To validly object, the objection must comply with the objection procedures set forth in the agreement, and shall include the following: A written objection must state: (a) the objecting member's full name, address and telephone number, and that of its counsel and email-addresses; (b) all objections and any evidence the objecting class member wishes to introduce in support of the objections; (c) proof of membership in the class; (d) a statement as to whether the member intends to appear at the final fairness hearing, either individually or through its counsel; (e) be signed by the Settlement Class Member; (f) reference the case name and case number (*Robert Hung Cavalieri and Sergio Isea v. Avior Airlines C.A.*, Case No. 1:17-cv-22010-Moreno); and (g) state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection, as required by Federal Rule 23. Any class member who fails to comply with the provisions of this section shall waive and forfeit any right to appear separately or to object, and shall be bound by all the terms of the agreement.

Class members who fail to file and serve timely written objections in compliance with the requirements of the foregoing paragraph shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the settlement.

### **Final Approval Hearing**

The Final Approval Hearing shall be held before this Court at the Ferguson Courthouse, Courtroom 12-2, in Miami, Florida on December 5, 2023, at 9:00 a.m. to determine: (a) whether the settlement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a final judgment and order of dismissal with prejudice should be entered; and (c)

whether to approve the payment of the fee award to class counsel. Counsel shall file their fee application by no later than thirty (30) calendar days before the objection and exclusion date and the claims deadline.

In the event that the settlement is terminated pursuant to the provisoions of the Settlement or for any reason whatsoever the approval of it does not become final, then: (a) the settlement shall be null and void, including any provision related to the award of attorneys' fees, costs and expenses; (b) all negotiations, proceedings, documents prepared, and statements made in connection with the settlement shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of the settlement that would ordinarily be discoverable but for the attempted settlement; and (c) other than as expressly preserved by the settlement in the event of its termination, the Settlement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th of July 2023.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record