UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-22010-MORENO

ROBERTO HUNG CAVALIERI,
individually, and SERGIO ENRIQUE
ISEA, individually, and on behalf of all
others similarly situated,

    *Plaintiffs*,
v.                                                                                                      CLASS ACTION

AVIOR AIRLINES C.A., a Venezuelan
Company,

    *Defendant*.
_____/

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEY'S FEES**



THIS CAUSE is before the Court on the parties' Joint Motion for Final Approval of Class Action Settlement and Plaintiffs' Unopposed Motion for Attorney's Fees ("Motion") (DE 216), filed November 20, 2023. Plaintiffs Roberto Hung Cavalieri and Sergio Enrique Isea, on behalf of the putative Settlement Class ("Plaintiffs" or "Settlement Class Representatives"), and Defendant Avior Airlines, C.A. ("Avior" or "Defendant") (collectively, the "Parties"), have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of this Action with prejudice upon the terms and conditions set forth therein (the "Settlement"). The Court previously preliminarily approved the settlement. (DE 212).

After reviewing the Motion (DE 216), the Class Action Settlement Agreement and exhibits thereto, the exhibits and declarations submitted in support of the motion, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on

CASE NO. 1:17-cv-22010-MORENO

December 5, 2023, and the record in the Action, and good cause appearing, the Court finds that: (1) this Court has jurisdiction over the subject matter and Parties to these proceedings; (2) the Settlement is fair, reasonable, and adequate and should be finally approved; (3) the proposed Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be certified for settlement purposes only; (4) the persons and entities identified below should be appointed Settlement Class Representatives, and Settlement Class Counsel; and (5) Class Counsel should be awarded attorney's fees in the amount of $350,000.

Accordingly, it is hereby

**ORDERED AND ADJUDGED AS FOLLOWS:**

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, unless otherwise defined herein.

### Final Approval of the Settlement

2. The Parties have moved the Court for an order approving the Settlement of the Action in accordance with the Settlement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. The Court, having read and considered the Settlement and having heard the Parties, APPROVES the Settlement in its entirety.

3. Rule 23(e) requires judicial approval for the compromise of claims brought on a class basis. Fed. R. Civ. P. 23(e). "[S]uch approval is committed to the sound discretion of the district court." *In re U.S. Oil and Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992). In exercising that discretion, courts are guided by the "strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The policy favoring settlement is especially relevant in class actions and other complex

matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See, e.g., Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002) ("There is an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex.") (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

4. Under Rule 23(e), the following procedures govern the consideration of a class settlement:

   i. The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

   ii. If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

   iii. The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

   iv. If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

   v. Any class member may object to the proposal if it requires court approval under subdivision 23(e); the objection may be withdrawn only with the court's approval.

*Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 690 (S.D. Fla. 2014) (citing Fed. R. Civ. P. 23(e)). All five requirements of Rule 23(e) are satisfied (or inapplicable) here.

### The Notice Program Gave the Best Practicable Notice to Class Members

5. "For a court to exercise jurisdiction over the claims of absent Class members, there must be minimal procedural due process protection." *Perez v. Asurion Corp.*, 501 F.Supp.2d 1360, 1377 (S.D. Fla. 2007). "In actions certified under 23(b)(3), class members should receive 'the best notice that is practicable under the circumstances.'" *Saccoccio*, 297 F.R.D. at 691 (quoting Fed. R. Civ. P. 23(c)(2)(B)). "The notice should be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811--812 (1985)).

6. The Court finds that the Settlement's Notice Program "is rationally and sensibly calculated to, under all circumstances, reasonably apprise members of the class of the pendency of this action, the terms of the agreement, and the right to object to the settlement agreement and to exclude themselves from it," and thus constituted the "best notice practicable under the circumstances" and met the "requirements of due process."

### The Settlement is Fair Reasonable, and Adequate

7. "The Court should approve a proposed class action settlement where it is 'fair, adequate and reasonable and is not the product of collusion between the parties.'" *Saccoccio*, 297 F.R.D at 691 (quoting *Bennett*, 737 F.2d at 986). A settlement is fair, reasonable and adequate when "the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Lorazepam & Clorazepate Antitrust Litig.*, MDL No. 1290, 2003 WL 22037741, at *2 (D.D.C. June 16, 2003).

8. When determining whether a settlement is fair, adequate, and reasonable, Rule 23(e)(2) instructs courts to consider four factors: (1) whether "the class representatives and class counsel have adequately represented the class; [(2)] the proposal was negotiated at arm's length; [(3)] the

relief provided for the class is adequate[;] and [(4)] the proposal treats Class Members equitably relative to each other." Fed. R. Civ. P. 23(e)(2); *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 330 F.R.D. 11, 29 (E.D.N.Y. 2019). In determining whether the "relief provided for the class is adequate," the Court makes four additional inquiries:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C).

9. The class representatives and Settlement Class Counsel adequately represented the class. The Plaintiffs' interests are aligned and coextensive with those of absent Class Members. The Plaintiffs were subjected to the same alleged conduct and suffered the same alleged injuries as absent Class Members. More importantly, absent Class Members will equally benefit from the relief provided by the Settlement.

10. Settlement Class Counsel also has adequately represented the Class in this litigation and the Settlement. Counsel for each party is particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases. Counsel zealously represented their clients' interests through protracted litigation before this Court and the United States Court of Appeals for the Eleventh Circuit for well over six years. Moreover, the Court finds that Class Counsel and the Plaintiffs "had an adequate information base" before negotiating and entering into the settlement. *See* Rule 23(e)(2)(A) advisory committee's note to 2018 amendment.

CASE NO. 1:17-cv-22010-MORENO

11. The Settlement is the product of good-faith, informed, and arms-length negotiations. This Court is aware of how zealously the Parties and their counsel litigated this case for almost six years, prior to reaching the Settlements. The sharply contested nature of the proceedings in this case readily illustrates the lack of fraud or collusion behind the Settlements. *See, e.g., In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1329 n.3 (S.D. Fla. 2001); *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 693 (N.D. Ga. 2001) (court had "no doubt that this case has been adversarial, featuring a high level of contention between the parties"); *In re Motorsports Merch. Antitrust Litig.*, 112 F. Supp. 2d 1329, 1338 (N.D. Ga. 2000) ("[t]his was not a quick settlement, and there is no suggestion of collusion"); *Warren v. City of Tampa*, 693 F. Supp. 1051, 1055 (M.D. Fla. 1988) (record showed no evidence of collusion, but to the contrary showed "that the parties conducted discovery and negotiated the terms of settlement for an extended period of time"), *aff'd*, 893 F.2d 347 (11th Cir. 1989).

12. The Settlement provides adequate relief to the class. When evaluating "the terms of the compromise in relation to the likely benefits of a successful trial . . . the trial court is entitled to rely upon the judgment of experienced counsel for the parties." *Cotton*, 559 F.2d at 1330. "Indeed, the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." *Id.*

13. The primary relief obtained through the settlement is Avior's agreement to provide meaningful injunctive relief. Avior will, in addition to providing the Class Members with financial consideration (discussed below), provide a robust disclaimer with respect to flights to or from the United States ["IMPORTANT: When checking-in for your flight at airports outside of Venezuela, you will be required to pay an amount corresponding to airport fees, government taxes, and service charges. This amount is not included in the ticket price, or the fees and taxes we display on our

website prior to purchase or the websites of third-party booking agents or travel agents."], which will ensure that Avior's customers are aware, at the time of purchasing their tickets, that they will be responsible for additional fees, taxes, and charges. This disclaimer will ensure that Avior conducts business prospectively in accordance with Federal law and will proceed in conformance with the claims made by the Plaintiffs in this action. In the event Avior intends to incorporate by reference any terms in digital formats (such as through Avior's website or in e-tickets), Avior will provide a clear and conspicuous web link that conforms with 14 CFR §253, and that is displayed in a manner to ensure that potential passengers, as laypersons, understand that the link is to additional, material contract terms that they are agreeing to if they purchase the airfare ticket. This injunctive relief will benefit all customers who will contract in the future with Avior for transportation services to or from the United States.

14. The financial benefits of the Settlements are also adequate. Class Counsel have a thorough understanding of the practical and legal issues that the Plaintiffs would continue to face litigating these claims against Avior, including during class certification and at trial. In the face of those challenges, Class members were given the opportunity to claim a $16.69 credit to purchase Avior airfare in the future that will be valid for two years from the date notice is disseminated. This is an outstanding result given the complexity of the action and the significant barriers that stand between the present juncture of the litigation and final judgment: class certification; interlocutory Rule 23(f) appeal of class certification; trial; and post-trial appeals.

15. The Court notes that Notices were e-mailed to 265,114 potential Class Members and, after the time expired for Settlement Class Members to object or opt out of the settlement, the Settlement Administrator confirmed that there were zero opt-outs, and zero objections to the settlement. This response illustrates that class members support the settlement's benefits.

16. The Court notes that the Plaintiffs face considerable risk in taking this case to trial. They would not only need to succeed in certifying a class but would need to contend with Avior's numerous defenses, which even the Eleventh Circuit has described as "potentially viable." *Cavalieri v. Avior Airlines C.A.*, 25 F.4th 843, 853 (11th Cir. 2022). The litigation risks standing between the Plaintiffs and a successful judgment on the merits further support the adequacy of the Settlement. *See, e.g., In re HP Laser Printer Litigation*, 2011 WL 3861703, *6 (C.D. Cal. 2011) (approving settlement that provided class members with a $13 e-credit redeemable at defendant's Web site, as well as injunctive relief, in light of the significant litigation risk inherent in further litigation).

17. The settlement is also effective in distributing the settlement's benefits to the Class Members. The primary benefit obtained from the settlement is injunctive relief that will require Avior to alter its business practices and ensure that its ticketing procedures comply with federal law (as that law is construed by the Plaintiffs through their allegations). This injunctive relief will not only prospectively benefit the Settlement Class Members but will benefit the public at large. Further, for each Settlement Class Member claimant, the Settlement distributes financial compensation to them for each "Exit Fee" assessed. This method of distribution ensures that benefits of the Settlement are provided directly to Settlement Class Members and ties such benefits to the wrong alleged. The distribution of benefits is thus both effective and reasonable.

18. Finally, the Court finds that the settlement treats all Settlement Class Members equitably. Rule 23(e)(2)(D) considers "whether the apportionment of relief among Class Members take[s] appropriate account of differences among their claims," *see* Rule 23(e)(2)(D) advisory committee's note to 2018 amendment, which the Settlement does. The injunctive relief and monetary relief apply equally to all Class Members.

19. For all the foregoing reasons, the Court approves the Settlement.

### Class Certification for Settlement Purposes Only and Appointment of Settlement Class Representatives and Settlement Class Counsel

20. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

21. For purposes of settlement only, the Court finds that the Rule 23 factors are satisfied and certifies the following Settlement Class as defined in the Settlement:

> All persons who purchased airfare from a third party booking agent or travel agent for a flight on Avior Airlines and who were charged $80.00 when departing from Miami International Airport from May 30, 2012, through June 30, 2023.
>
> Excluded from the Settlement Class are 1) any persons who purchased airline tickets directly from Avior, 2) the Airline, the Airline's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Airline or its parents have a controlling interest and their current and former employees, officers, and directors, 3) the Judge and Magistrate Judge to whom this case is assigned and the Judge and Magistrate Judge's immediate family, 4) persons who execute and file a timely request for exclusion, 5) the legal representatives, successors, or assigns of any such excluded person; and 6) Plaintiff's counsel and the Airline's counsel.

22. The Court finds that, solely within the context of and for the purposes of settlement only, the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and specifically that:

(a) Numerosity: The Class is so numerous that joinder of all members is impracticable. From May 30, 2012, to March 2, 2018, Avior collected Exit Fees from over one thousand Settlement Class Members. Joinder of all such persons is impracticable;

(b) Commonality: The threshold for commonality under Rule 23(a)(2) is not high. "[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks omitted); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same). Here, the commonality requirement is satisfied for settlement purposes because there are multiple questions of law and fact that are common to the Settlement Class that center on Avior's collection of the Exit Fee;

(c) Typicality: The Plaintiffs' claims are typical of the Settlement Class for purposes of this Settlement because they concern the same general alleged conduct, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members");

(d) Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant*, 202 F.R.D. at 314. Rule 23(a)(4) is satisfied here because there are no conflicts of interest

between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class. Settlement Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action and have dedicated substantial time and resources to the prosecution of the present Action for more than six years. Moreover, the Plaintiffs and Settlement Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e) Predominance and Superiority: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the Settlement Class Members in a single, coordinated proceeding is superior to hundreds or thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law ... ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Settlement Class Members in a single common judgment.

23. The Court appoints the following individuals as class representatives: Roberto Hung Cavalieri and Sergio Enrique Isea.

CASE NO. 1:17-cv-22010-MORENO

24. The Court appoints the following individuals and firms as Settlement Class Counsel:

> John G. Crabtree
> Charles M. Auslander
> Brian C. Tackenberg
> Crabtree & Auslander
> 240 Crandon Blvd., Suite 101
> Key Biscayne, Florida 33149
>
> Milton Fuentes
> M. Fuentes & Co.
> 201 Alhambra Circle, Suite 501
> Coral Gables, Florida 33134
>
> Brian M. Torres
> Brian M. Torres, P.A.
> One S.E. Third Ave., Suite 3000
> Miami, Florida 33131
>
> John Cody German
> Cole, Scott, Kissane, P.A.
> 9150 South Dadeland Blvd., Suite 1400
> Miami, Florida 33156

### Class Counsel's Fee Application

25. Class Counsel and Avior have agreed that Avior will pay Class Counsel an amount up to $350,000 in attorney's fees and costs, if finally approved by the Court. These fees are being provided *in addition* to the financial relief that is being provided to the Settlement Class Members and the fees are, thus, independent of the Settlement Class Members' relief and will have no effect on the financial relief provided to the Settlement Class Members.

26. The Court has discretion to award attorneys' fees in this case under the lodestar method pursuant to the Class Action Fairness Act ("CAFA"). Section 1712(b)(1) of CAFA states:

> If a proposed settlement in a class action provides for a recovery of coupons to class members, and a portion of the recovery of the coupons is not used to determine the

attorneys' fee to be paid to Class Counsel, any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action.

28 U.S.C. § 1712(b)(1).

27. "As CAFA's legislative history shows, this provision allows a district court to use the lodestar method to calculate a reasonable attorneys' fee award in cases involving 'coupons;' the lodestar method compensates counsel based on time reasonably expended rather than on the value of the Class's recovery." *Perez v. Asurion Corp.*, 06-20734-CIV, 2007 WL 2591180, at *1–2 (S.D. Fla. Aug. 8, 2007) (citing S. REP. No. 109-14, at 31 (2005)). This attorney's fee award allowed under CAFA shall also anticipate and include "an appropriate attorney's fee, if any, for obtaining equitable relief, including an injunction …." 28 U.S.C. § 1712(b)(2).

28. The lodestar method requires the Court to determine an attorney's reasonable hourly rate, and then multiply that rate by the number of hours reasonably expended. *Norman v. Housing Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The calculus for hours reasonably expended is that compared to similar litigation and may not include "excessive, redundant or otherwise unnecessary" hours. *Id.* at 1301; *see also Simon v. Leaderscape LLC*, 565 F. Supp. 2d 1332, 1335 (S.D. Fla. 2008). "The Court may use its own experience in assessing the reasonableness of attorneys' fees." *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1275 (S.D. Fla. 2019) (citing *Norman*, 836 F.2d at 1299).

29. Having reviewed the timesheets and attorney biographies of Class Counsel, the Court finds that their hourly rates, number of hours, and agreed fee is reasonable. Indeed, the agreed fee award amounts to a substantial discount of Class Counsel's total lodestar of $821,062.50 in this Action. Therefore, the Court finds that Plaintiff is entitled to $350,000 in attorney's fees.

### Conclusion

Based on the foregoing:

(1) The Settlement is approved;

(2) The class defined above is certified for settlement purposes only and the named plaintiffs and class counsel listed above are appointed as class representatives and class counsel; and

(3) Avior shall pay class counsel $350,000 as reasonable attorneys' fees.

(4) The Court retains jurisdiction to enforce remaining terms of the settlement.

**DONE AND ORDERED** in Chambers, Miami, Florida, this 14th day of December 2023.

_____
HON. FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record